IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| GLADSTONE MORRISON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-898-A |
| | § | (NO. 4:14-CR-069-A (02)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Gladstone Morrison ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:14-CR-069-A, styled "United States of America v. Gladstone Morrison, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On September 4, 2014, movant and his wife, Jacqueline Morrison, were named in a twenty-count second superseding indictment. CR Doc.[1] 57. He was charged in count 1 with

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying
(continued...)

conspiracy to aid and assist in preparation and presentation of false and fraudulent tax returns, in violation of 18 U.S.C. § 371; in counts 3-14 with aiding and assisting in the preparation and presentation of a false and fraudulent return, in violation of 26 U.S.C. § 7206(2); in counts 15-18 with wire fraud, in violation of 18 U.S.C. § 1343; and in counts 19 and 20 with making a false statement, in violation of 18 U.S.C. § 1014. Id.

The case was tried to a jury, which returned its verdict on October 23, 2014, finding movant guilty as to all counts. CR Doc. 144. The court sentenced movant to terms of imprisonment of 11 months as to each of the counts, to run consecutively to each other, for a total aggregate sentence of imprisonment of 187 months. CR Doc. 256. Movant was ordered to pay restitution in the amount of $17,807,106.00. Id. Movant appealed and the judgment was affirmed. United States v. Morrison, 833 F.3d 491 (5th Cir. 2016). His petition for writ of certiorari was denied. 137 S. Ct. 1098 (2017).

On November 6, 2017, movant filed his motion under § 2255 along with a sixty-page memorandum. Docs.[2] 1 & 2. By lengthy

---

[1](...continued)
criminal case, No. 4:14-CR-069-A.

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

order signed November 17, 2107, the court ordered that movant's memorandum be stricken from the record and gave him an opportunity to file a revised supporting memorandum not to exceed twenty-five pages in length. The order explained why movant had apparently misunderstood the purpose of a motion under § 2255 and urged him to focus on grounds he thought would have some prospect of success in filing his revised memorandum. And, the order directed that movant "clearly designate in such document by appropriate headings the part or parts of the document that are intended to be in support of each ground of his [motion] that he wishes to continue to urge." Doc. 8. On December 18, 2017, movant filed an amended memorandum, improperly purporting to incorporate by reference the amended memorandum filed by his wife under Case No. 4:17-CV-899-A to get around the page limitation. Doc. 12. The court ordered the amended memorandum stricken and granted movant one final opportunity to file a proper memorandum. Doc. 15. On January 5, 2018, movant filed his revised memorandum. Doc. 17. Thereafter, on January 23, 2018, movant filed an amended memorandum, purporting to completely change the grounds he was pursuing. Doc. 18. The court ordered the amended memorandum stricken from the record and instructed that the government should proceed in preparation of its response to the motion and revised memorandum. Doc. 20.

On January 31, 2018, the government filed its response to movant's motion, addressing each of the grounds supported by the revised memorandum.[3] Doc. 22. And, on February 16, 2018, the clerk filed movant's reply. Doc. 24.

II.

Grounds of the Motion

Movant sets forth nine grounds in his motion, worded as follows:

> GROUND ONE: Denial of effective assistance of counsel, when [movant was] not present in the courtroom during crucial period of the trial proceedings.

Doc. 1 at 5.

> GROUND TWO: The jury failed to make a factual finding as to the elements of the offense in which punishment was rendered by the court.

Id. at 6.

> GROUND THREE: [Movant was] denied effective assistance of counsel when the statute of limitation on the alleged offense as charged in the second superseding indictment had expired.

Id. at 8.

> GROUND FOUR: Counsel(s) were constitutionally ineffective for failing to file for dismissal of the charges based upon prosecutor misconduct: scanning and copying of the defense work product.

Id. at 9.

---

[3] As the government notes, the motion itself contains nothing but bare-bones, conclusory allegations. Doc. 22 at 2. And, by addressing only six of his grounds, movant indicated that he did not wish to continue to urge the remaining grounds. See Doc. 8 at 8.

4

GROUND FIVE: [Movant was] denied effective assistance of counsel when a restitution order was issued as a condition of sentence.

   GROUND SIX: [Movant was] denied effective assistance of counsel, when the court failed at sentencing to accept or reject explicitly each [objection] to the tax calculations.

   GROUND SEVEN: [Movant was] denied effective assistance of counsel, when they failed to fully investigate the government's assumption and guess as to the method of determining the alleged loss.

   GROUND EIGHT: The denial of effective assistance of counsel during the sentence hearing.

Id. at 10-1.

   GROUND NINE: The denial of effective assistance of counsel on the direct appeal.

Id. at 10-2. The motion itself does not set forth any supporting facts.

The revised memorandum filed January 5, 2017, contains a discussion of grounds one through six. Doc. 17.

### III.

### Standards of Review[4]

A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[4] The standards of review were set forth in the court's order of November 17, 2017, admonishing movant to carefully consider the grounds he wished to pursue. Doc. 8.

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

7

deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first ground, movant urges that he received ineffective assistance of counsel because he was not present in the courtroom during a crucial period of trial proceedings. He explains in his brief that he is complaining about not being present when the court addressed four notes sent by the jury. Doc. 17 at 1-7. Rule 43 of the Federal Rules of Criminal Procedure says that the defendant must be present at every trial stage, "including jury impanelment and the return of the verdict," but explains that the "defendant need not be present . . . [when] [t]he proceeding involves only a conference or hearing on a question of law." Fed. R. Crim. P. 43(b)(3). As the Fifth Circuit has explained, when a communication is received from the jury, the court should inform counsel of its substance and give counsel an opportunity to be heard. United States v. Bieganowski, 313 F.3d 264, 293 (5th Cir. 2002); United States v. McDuffie, 542 F.2d 236, 241 (5th Cir. 1976). Here, the record reflects that counsel were notified of and participated in formulating the responses to each of the jury's inquiries. CR Doc. 292 at 15-16

(first note); 17-20 (second note); 20-32 (third and fourth notes).[5] Movant's conclusory allegations to the contrary are false. Finally, and in any event, even if movant should have been present while these matters were being discussed (and there is no reason to believe that he should have been), the presence of his counsel mitigated any harm to him. United States v. Gulley, 526 F.3d 809, 822 (5th Cir. 2008). At best, movant relies upon unsupported conclusory allegations that fail to satisfy his burden under Strickland. Moreover, he has not alleged that appellate counsel was ineffective in failing to raise this ground.[6] Thus, it has been waived.[7] United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Guerra, 94 F.3d 989, 993-94 (5th Cir. 1996).

---

[5]The record also reflects that counsel worked with the court to provide the jury a list of exhibits that had been admitted. CR Doc. 292 at 4-14. Movant's interpretation of the transcript is wholly erroneous and misleading. As happens in every case, the exhibit lists maintained by the court and counsel had discrepancies; the attorneys and court conferred; and, the court reporter checked the record to verify whether particular exhibits had been admitted. A complete list of exhibits admitted at trial was delivered to the jury, along with an exhibit that had been left out of the jury's notebooks. CR Doc. 292 at 14. The court reporter verified that Exhibit 65 had not been admitted and the parties agreed that it would not be delivered to the jury. Id. at 16-17.

[6]Movant argues to the contrary in his reply, Doc. 24 at 1-2, but his argument is not true. Movant did not allege in his first ground (or most of those following) that he received ineffective assistance of counsel on appeal because this ground was not raised. Rather, movant stated that "[i]neffective assistance of counsel is to be raised on 28 U.S.C. § 2255." Doc. 1 at 5. Although he did assert in his ninth ground that he was denied effective assistance of counsel on direct appeal, he did not allege any facts to support that ground.

[7]For the reasons discussed, the ground would not have had merit even had it been raised. Movant was represented by counsel at all stages of the proceedings and his attorney was present and participated in formulating the responses to the jury's inquiries. He cannot establish any harmful error.

In his second ground, movant urges that the jury failed to make "a factual finding as to the elements of the offense in which punishment was rendered by the court." Doc. 1 at 6. He says that he did not raise this ground on appeal because he was denied effective assistance of counsel.[8] Id. at 7. The discussion in the memorandum begins and ends with the conclusory contention that counsel was ineffective. Doc. 17 at 7-11. The bulk of the argument is devoted to a discussion of Alleyne v. United States, 570 U.S. 99 (2013), and Apprendi v. New Jersey, 530 U.S. 466 (2000), and movant's argument that the jury had to find the amount of loss beyond a reasonable doubt. Id.

Movant misunderstands or misrepresents the law. The court's findings as to the tax loss were pertinent to his guideline calculation. Movant had no constitutional right to a jury finding in that regard. United States v. Tuma, 738 F.3d 681, 693 (5th Cir. 2013). Alleyne, upon which he relies, simply has no bearing on this case as it concerns factors that increase a statutory mandatory minimum sentence. Likewise, Apprendi is not pertinent as it holds that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and found beyond a reasonable doubt.

---

[8]This is the single instance where movant says that a particular ground was not raised on appeal due to ineffective assistance of counsel.

10

In his third ground, movant says that he was denied effective assistance of counsel because limitations had expired on the offenses charged in the second superseding indictment. Doc. 1 at 8. The argument supporting this ground is incomprehensible.[9] Doc. 17 at 12-15. None of the cases cited appears to support movant's position. The citation to United States v. Foster, 668 F. App'x 881 (11th Cir. 2016), is especially perplexing in that it is a two-paragraph opinion holding that the trial court erred in granting a motion for judgment of acquittal. So is the citation to Mathis v. United States, 136 S. Ct. 2243 (2016), concerning sentencing under the Armed Career Criminal Act.

As the government notes, the limitations period for counts 1-14 was six years. 26 U.S.C. § 6531(3) & (8); United States v. Heard, 709 F.3d 413, 427 (5th Cir. 2013); United States v. Mann, 161 F.3d 840, 856 (5th Cir. 1998). The limitations period for counts 15-18 was five years. 18 U.S.C. § 3282(a). The limitations period for counts 19 and 20 was ten years. 18 U.S.C. § 3293; United States v. Rabhan, 540 F.3d 344 (5th Cir. 2008). And, one of the cases movant cites points out that limitations runs from the time of the last act committed by the defendant. United

---

[9]In his reply, movant says the "issue has been properly argued" and that "the government is mistaken, the statute of limitations is 3 years, not 5 or 6 years." Doc. 24 at 10. He does not offer any further support, probably because there is none.

States v. Irby, 703 F.3d 280, 283-84 (5th Cir. 2012). Movant has not shown that the charges were not timely brought.

In his fourth ground, movant alleges that counsel was ineffective for failing to seek dismissal of charges "based upon prosecutor misconduct: scanning and copying of the defense work product." Doc. 1 at 9. As best the court can tell, movant contends that his attorney requested copies of certain records the government had obtained through a search of movant's home and office and that he has recently learned that the government kept a copy of the materials his counsel requested.[10] Doc. 17 at 15-19. He contends that the government used his attorney's work product in its trial preparation. Id. at 16. He does not present any evidence to support this contention.

The work product doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 (1975). Selection of documents by an attorney may reveal counsel's mental impressions. United States v. Horn, 811 F. Supp. 739, 746 (D.N.H. 1992), rev'd, 29 F.3d 754 (1st Cir. 1994). What constitutes work product and the protection to which it is entitled depends on the facts of the case. And, it appears

---

[10]He vaguely identifies these documents as "tax reports, method of training staff, internal memos, tax preparer files, emails, etc." Doc. 17 at 16.

that application of the doctrine varies according to the circuit in which the defendant is tried. Id., 811 F. Supp. at 746 (noting the difference between the "selection doctrine" as applied in the Third Circuit and in the First Circuit).[11] To meet the test of Horn, upon which movant relies, movant must show that confidential communications were conveyed as a result of government misconduct. Id.

In Horn, the government made available approximately 10,000 documents that had been subpoenaed by the grand jury. The documents were housed at a private company under contract with the government. Id. at 741. After having reviewed thousands of documents and having thousands copied by an independent copy service, defense counsel, accompanied by an expert, went to review documents again and to copy a small number, culled from thousands, for very specific purposes, one of which was to develop a basis for impeaching a key government witness. Id. at 746. In addition, they selected several documents specifically related to other defense tactics and strategies. Id. "The documents in question might never have been noticed or discovered by the government . . . or their significance might never have

---

[11] In this regard, the court notes that Horn has not been followed, much less cited, by any court in the Fifth Circuit. Moreover, it appears that the Fifth Circuit has cited the Third Circuit case Horn references three times and the First Circuit case once, none for a substantive discussion of the "selection doctrine."

been apparent or recognized," but for the fact that the woman making the copies made a duplicate set for the government at the behest of the lead prosecutor. Id. Nevertheless, it was not just the copying of the documents, but the government's conduct following discovery of the copying that persuaded the court that sanctions were appropriate. Id. 748-51. And, although the conduct was serious, the court denied the request to dismiss the indictment, noting that dismissal would only be appropriate in very limited circumstances where the government's conduct had been outrageous. Id. at 751.

Here, movant has not come forward with any evidence to support the contention of governmental misconduct.[12] There is no reason to believe that the facts of this case bear any resemblance to those of Horn, even assuming that it supplies the applicable law in this circuit. In particular, movant seems to argue that it is the documents themselves that were work product. Doc. 17 at 17 (arguing that it would be virtually impossible to sort out what the government used and did not use from the copies). But, as one of movant's cases notes, materials prepared by the defendant are not work product. United States v. Mayer, 679 F. App'x 895, 899 (11th Cir. 2017). And, there is no evidence

---

[12]Thus, contrary to movant's contention in his reply, Doc. 24 at 11-12, the government was not obligated to submit controverting affidavits of counsel.

14

that the government somehow "eavesdropped" on movant and his attorney. Doc. 17 at 18-19.

In his fifth ground, movant says that he received ineffective assistance of counsel because a restitution order was included in the sentence. Doc. 1 at 10-1. He seems to argue that restitution was illegally imposed, that he never entered into a plea agreement allowing restitution, and that the amount of restitution was factually incorrect.[13] Doc. 17 at 19-23.

Complaints about restitution are not properly raised in a motion under § 2255. United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999). Movant attempts to get around the bar by alleging ineffective assistance of counsel, but fails to show any error. Restitution was mandatory based on the Title 18 offenses. United States v. Turner, 718 F.3d 226, 235-36 (3d Cir. 2013); United States v. Meredith, 685 F.3d 814, 827 (9th Cir. 2012). The United States is a victim for purposes of the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A ("MRVA"). United States v. Senty-Haugen, 449 F.3d 862, 865 (8th Cir. 2006). Under MRVA, the court is required to order a defendant to pay the full amount of a victim's losses without considering the defendant's economic circumstances. Turner, 718 F.3d at 235; United States v. DeCay,

---

[13]The reply incorrectly argues, once again, that movant alleged that this ground should have been but was not raised on appeal due to ineffective assistance of counsel. Doc. 24 at 13.

620 F.3d 534, 539 (5th Cir. 2010). The amount of restitution ordered is supported by the record and movant has not shown otherwise. And, restitution was ordered as a separate sentencing component of the judgment of conviction. CR Doc. 256. See United States v. Howard, 220 F.3d 645, 647 (5th Cir. 2000). It was not simply a condition of supervised release where the MRVA did not apply, as in the cases cited by movant. See United States v. Westbrooks, 858 F.3d 317 (5th Cir. 2017); United States v. Feast, 614 F. App'x 195 (5th Cir. 2015).

In his sixth ground, movant alleges that he was denied effective assistance of counsel when the court failed at sentencing to accept or reject explicitly each of his objections to the tax calculations. Doc. 1 at 10-1. He draws his argument from United States v. Johnson, 682 F. App'x 118 (3d Cir. 2017). Doc. 17 at 23-24. Movant does not identify the findings he says the court should have made. The transcript of the sentencing hearing belies the contention, as the court ruled on each of the objections and made the fact findings that supported the judgment rendered. CR Doc. 294.

In his reply, movant improperly makes a completely different argument, alluding to a civil division tax audit. Doc. 24 at 14-15. The court does not consider matters raised for the first time

in a reply. In any event, movant's allegations are wholly unsupported and do not merit further consideration.

The reply also addresses grounds seven, eight, and nine of the motion, which are the grounds movant chose not to pursue in the filing of his revised memorandum. Doc. 17. The grounds as stated in the motion are conclusory and unsupported by any facts. Doc. 1 at 10-1 to 10-2. Movant cannot pursue them at this point. But, even if he could, he has not established that any of these grounds has the slightest merit. Again, he relies on nothing but conclusory allegations.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED February 20, 2018.

_____
JOHN McBRYDE
United States District Judge